**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Leo Charles Hillyer, | ) | No. CV 09-0963-PHX-DGC (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

In this civil rights action brought by a county jail inmate, Arpaio moved to dismiss for lack of exhaustion (Doc. # 7). Plaintiff failed to respond, although he was informed of his right and obligation to do so (Doc. # 9). The Court will grant the motion to dismiss.

**I.   Exhaustion**

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315

F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II.    Analysis**

In his Complaint, Plaintiff presented three claims for relief. In Count I, Plaintiff claimed that Arpaio instituted a policy and directed his staff to overcrowd the "intake/booking facility" in the Fourth Avenue Jail (Doc. # 1 at 3). In Count II, Plaintiff alleged that Arpaio deliberately instructs his staff to feed pretrial detainees only two meals per day (id. at 4)). Plaintiff further alleged that the meals are insufficient, spoiled, and provide insufficient nutrition. Finally, in Count III, Plaintiff alleged that Arpaio has deliberately set policies to require inmates going to court to wake up at midnight and be placed in a holding cell where they are forced to sleep without a mat or blanket for 8 hours on an unsanitary floor (id. at 5). Further, Plaintiff claimed that inmates are fed at 1:00 AM and are not fed again until their return from court, which can be as late as early evening. Plaintiff also alleged that the issues in Counts I, II, and III were "non-grievable" (id. at 3-5). The Court required Arpaio to answer the Complaint (Doc. # 5 at 4).

Arpaio moved to dismiss for lack of exhaustion, arguing that Plaintiff failed to file any grievances as to the claims he presented in his Complaint (Doc. # 7 at 3-5). Arpaio also submitted the affidavit of External Grievance Coordinator Sergeant Susan Fisher, who attested that Plaintiff's claims were grievable under the grievance procedure and, in fact, Plaintiff had previously utilized the grievance procedure (Doc. # 8, Ex. 1, Fisher Aff. ¶¶ 10, 12). Further, Fisher attested that other inmates filed grievances as to the issues of overcrowding and unsanitary holding cells and spoiled and insufficient meals (id. ¶ 12). Consequently, Arpaio maintains that Plaintiff had an available remedy, but failed to utilize it, rendering his claims unexhausted (id.).

1       Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. # 9). He was specifically informed that if Arpaio showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence (id. at 2).

      Plaintiff still failed to respond. Thus, Plaintiff has not rebutted Arpaio's evidence that Plaintiff did not file any grievance as to the claims presented in his Complaint. Further, Plaintiff's contention that he was told his claims were not grievable is not supported by any degree of specificity (such as dates, times, or other identifying circumstances) to inform the Court what transpired that prevent him from fully exhausting his claims. Indeed, it is directly contradicted by Arpaio's evidence that Plaintiff's claims are grievable issues (Doc. # 8, Ex. 1, Fisher Aff. ¶ 12).

      Arpaio has presented specific evidence that a grievance procedure existed at the jail for any issue and that Plaintiff has previously used the grievance procedure for another issue. Plaintiff has not disputed that evidence in any way. Consequently, the Court concludes that Arpaio has demonstrated that Plaintiff failed to exhaust available remedies and his motion will be granted.

### III.   Lack of a Response

      Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Arpaio's motion to dismiss. Plaintiff was warned of this possibility (Doc. # 9). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff has ostensibly lost interest in prosecuting his action. There is no risk of prejudice to Arpaio to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Arpaio's favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Arpaio's Motion to Dismiss (Doc. # 7).

(2) Arpaio's Motion to Dismiss (Doc. # 7) is **granted**.

(3) This action is dismissed without prejudice for lack of exhaustion or alternately, for failure to respond. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 9th day of November, 2009.

David G. Campbell
United States District Judge